Ms. Barbra Walsh Ward County Auditor Monahans, Texas 79756
Honorable James L. Rex Andrews County Attorney Andrews Courthouse Andrews, Texas 79714
Re: Whether Attorney General Opinion MW-393 (1981) has been modified by the Indigent Health Care and Treatment Act (RQ-1329)
Dear Ms. Walsh and Mr. Rex:
You both ask whether the Indigent Health Care and Treatment Act, article 4438f, V.T.C.S., overruled or modified Attorney General Opinion MW-393 (1981), in which this office held that a county could not pay visiting physicians on the medical staff of the county hospital for treating indigent patients at the hospital and that a county hospital could not pay salaried staff physicians additional compensation for treating indigent patients at the hospital. See also Attorney General Opinion O-2422 (1940). The basis for MW-393 was the following language excerpted from article 4480, V.T.C.S.:
 The board shall also appoint a staff of visiting physicians who shall serve without pay from the county, and who shall visit and treat hospital patients at the request either of the managers or of the superintendent.
Said board shall fix the salaries of the superintendent and all other officers and employees within the limit of the appropriation made therefore by the commissioners court, and such salaries shall be compensation in full for all services rendered.
The Indigent Health Care and Treatment Act, article 4438f, V.T.C.S., specifies the obligations of counties, public hospitals, and hospital districts for providing medical care for indigents. A county hospital is a "public hospital" for purposes of the Indigent Health Care and Treatment Act. V.T.C.S. art. 4438f, § 1.02(10); art. 4478. Therefore, a county hospital is governed by the provisions applicable to public hospitals rather than the provisions applicable to counties. See V.T.C.S. art. 4438f, §§ 2.01, 3.01, 10.01, 11.01. See also V.T.C.S. art. 4484; Attorney General Opinion M-379 (1969) (bills and accounts of county hospital are paid and approved by commissioners court). The act requires a public hospital to provide specified services to persons who live within the area that the public hospital has a legal obligation to serve. Id. § 10.01. Because a county hospital has a legal obligation to serve the county in which the hospital is situated, V.T.C.S. art. 4486, it must provide the services specified in the Indigent Health Care and Treatment Act to indigent persons who live within the county.
The services a public hospital is required to provide are inpatient and outpatient hospital services.[1] V.T.C.S. art. 4438f, §§ 11.01, 3.01. The Department of Human Resources has the authority to promulgate rules more specifically defining the required services. Id. § 1.06. The act contains the following provisions regarding provision of services by a public hospital:
 Sec. 11.03. (a) A public hospital or hospital district may arrange to provide health care services through a local health department, a publicly owned facility, a contract with a private provider regardless of the provider's location, or through the purchase of insurance for eligible residents.
 (b) A public hospital or hospital district may affiliate with other public hospitals or hospital districts or with a governmental entity to provide regional administration and delivery of health care services.
 Sec. 11.04. A public hospital may select one or more providers of health care services and, except in an emergency, when medically inappropriate, or when care is not available, require eligible residents to obtain care from a provider.
V.T.C.S. art. 4438f, §§ 11.03, 11.04.
You suggest that those provisions are in conflict with article 4480, as interpreted by Attorney General Opinion MW-393. AsMW-393 pointed out, article 4480 deals with two types of doctors who may be on the medical staff of a county hospital: (1) visiting physicians, who receive no pay, and (2) hospital employees, who receive a salary in full compensation for all services they render. Attorney General Opinion MW-393 concluded, based on the clear language of article 4480, that if visiting physicians treat indigents at the hospital, they may receive no pay for such treatment and that if salaried physicians treat indigents at the hospital, their salary is their only compensation for doing so. Nothing in the Indigent Health Care and Treatment Act conflicts with the language of article 4480 or with the specific holding of MW-393. Therefore, the Indigent Health Care and Treatment Act did not affect the specific holding of MW-393.
There is, however, dicta in MW-393 that suggests that a county hospital's only authority to pay for physician services is its authority under article 4480. To the extent that dicta in MW-393
suggests that conclusion, it has been modified by the Indigent Health Care and Treatment Act. Section 11.03 of the act gives a county hospital authority to pay for physician services at locations other than the county hospital. See V.T.C.S. art. 4491 (a 1913 statute allowing a county hospital to contract with a private hospital for the care of indigent patients). Also, the Indigent Health Care Act may require a county hospital to provide health-care services that salaried or visiting physicians are unable to provide. In such circumstances, we think that the act authorizes a county hospital to pay physicians other than those contemplated by article 4480 for providing the required services.
 SUMMARY
The Indigent Health Care and Treatment Act, article 4438f, V.T.C.S., did not overrule the holding of Attorney General Opinion MW-393 (1981). A county hospital is not authorized to pay a visiting physician for his services as a visiting physician, and a county hospital is not authorized to pay a salaried physician additional compensation for treating indigent patients at the hospital. To the extent, however, that dicta in MW-393
suggests that a county hospital's only authority to pay for physician services is article 4480, it has been modified.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lous McCreary Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General
[1] A public hospital is also required to continue providing any additional health care services that it provided to eligible residents during the operating year that ended before January 1, 1985.